IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AUSTIN LEON PATRICK                                                                    PLAINTIFF

V.                                            NO. 11-5132

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration                                      DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Austin Leon Patrick, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (Act).[1]  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.     **Procedural Background:**

Plaintiff filed his application for DIB on January 16, 2009, alleging an inability to work since September 30, 2002, due to his inability to read, write, count money; learning disabilities, joint pain, back pain, and nervousness around a lot of people. (Tr. 8, 123).  An administrative hearing was held on March 15, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 24-49).

---

[1] Plaintiff also applied for supplemental security income (SSI) benefits, and it is not disputed that on April 29, 2009, Plaintiff's claim for SSI was approved.

By written decision dated April 16, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe - mild mental retardation. (Tr. 10). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairment did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 11). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but had nonexertional limitations. He could only read simple words. He could work where interpersonal contact was incidental to the work performed, where complexity of tasks was learned and performed by rote with few variables and where little judgment was required. The supervision required was simple, direct and concrete.

(Tr. 14). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform work as an assembler, poultry laborer, and conveyor/feeder offbearer. (Tr. 16). Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 4, 2011. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. <u>Ramirez v. Barnhart</u>, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff essentially contends that based upon the fact that the ALJ found that Plaintiff suffered from a mental disability in 2009, Plaintiff also met the listing in 2002. Defendant set forth and discussed at length the relevant listing, 12.05, and the Court rejects Plaintiff's arguments, based upon the well-stated reasons outlined in Defendant's brief.

The burden of proof is on the Plaintiff to establish that his impairment meets or equals a listing. See Sullivan v. Zebley, 493 U.S. 521, 530-31, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). To meet a listing, an impairment must meet all of the listing's specified criteria. Id. at 530, 110 S.Ct. 885 ("An impairment that manifests only some of these criteria, no matter how severely, does not qualify."); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "Medical equivalence must be based on medical findings." 20 C.F.R. § 416.926(b) (2003); Sullivan, 493 U.S. at 531, 110 S.Ct. 885 ("a claimant ... must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment"). A review of the ALJ's decision reveals the ALJ explicitly addressed Listing 12.05 and determined Plaintiff did not meet the specified criteria. (Tr. 319-320).

The issue before the ALJ was Plaintiff's entitlement to a period of disability and DIB, and

AO72A
(Rev. 8/82)

therefore, the focus was upon the evidence prior to September 30, 2002, Plaintiff's date last insured. There is no medical evidence dated prior to the expiration of Plaintiff's date last insured. The Defendant discussed listing 12.05 at length, and analyzed the requirements that must be met in order to meet the listing. As found by the ALJ,, Plaintiff's mental impairment, as of September 30, 2002, did not meet the requirements set out in 12.05(A),(B),(C),or (D), for the reasons set forth in Defendant's brief. The only Mental RFC Assessment for the date last insured - September 30, 2002, is from Dan Donahue, who found that although Plaintiff had an IQ in the lower 60's, there was no evidence of a secondary impairment, and that Plaintiff would be able to perform unskilled work on or before the date last insured. (Tr. 224). The ALJ's RFC finding included this limitation.

It is clear, as urged by Defendant, that the record does not support a finding that Plaintiff met the requirements set forth in Listing 12.05. Based on the foregoing, the Court finds there is substantial evidence of record to support the ALJ's finding that Plaintiff did not meet Listing 12.05.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of July, 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE